UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EDMONDS GREENERY HOMEOWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>                  Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>                  Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

Plaintiff Edmonds Greenery Homeowners Association (the "Association") alleges as follows:

## I.     INTRODUCTION

1.1     This is an action for declaratory judgment, breach of contract, bad faith violations, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)     A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Defendant the Allstate Insurance Company ("Allstate") insurance policies issued to the Association. The Association is seeking a ruling that: (1) Allstate's policies provide coverage for the hidden damage at the Edmonds Greenery Condominium; and (2) Allstate is liable for money damages for the cost of repairing hidden damage at the Edmonds Greenery Condominium.

(B) Damages for breach of contract, bad faith and violations of the CPA against Allstate.

(C) Attorneys' fees and costs (including expert witness fees) against Allstate.

(D) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Edmonds Greenery Homeowners Association is an association located in Edmonds, Washington. The Edmonds Greenery Condominium consists of three buildings with thirty-eight (38) residential units. The Association has the duty to maintain the common elements and any limited common elements of the Edmonds Greenery buildings.

2.2 <u>Allstate.</u> Allstate Insurance Company is an Illinois domiciled insurer with its principal place of business in Northbrook, Illinois. Allstate sold a property insurance policy(s) to the Association including Policy No. 050728195 in effect from at least March 15,1986 to March 15, 1987. The Allstate policy(s) identifies the Edmonds Greenery Condominium as covered property. The Association is seeking coverage against all Allstate policies issued to the Association.

2.3 <u>Doe Insurance Companies 1–10.</u> Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Edmonds Greenery Condominium as covered property.

2.4 <u>Edmonds Greenery Insurers</u>. Allstate and Doe Insurance Companies 1–10 shall be collectively referred to as the "Edmonds Greenery Insurers."

2.5 <u>Edmonds Greenery Policies</u>. The policies issued to the Association by the Edmonds Greenery Insurers shall be collectively referred to as the "Edmonds Greenery Policies."

## III. JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and, as alleged below, the amount in controversy exceeds $75,000.

3.2 Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Edmonds Greenery Insurers marketed and sold insurance to the Association in Snohomish County; a substantial part of

COMPLAINT FOR DECLARATORY RELIEF,  
BREACH OF CONTRACT, BAD FAITH,  
CONSUMER PROTECTION ACT VIOLATIONS,  
AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC  
2701 FIRST AVE., SUITE 430  
SEATTLE, WA 98121  
PHONE 206.388.0660 FAX 206.286.2660

the events giving rise to the claim occurred in Snohomish County; and the insured condominium building(s) is located in Snohomish County.

### IV. FACTS

4.1 <u>Incorporation by Reference</u>. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2 <u>Tender to Allstate</u>. On April 17, 2020, the Association tendered claims to several of its property insurers including Allstate for recently discovered hidden damage to exterior sheathing and framing in the exterior walls at the Edmonds Greenery Condominium complex

4.3 <u>Investigation.</u> The Association hired an investigative firm, Dimensional Building Consultants ("DBC"), to investigate the extent of damage at the Edmonds Greenery Condominium complex. DBC in conjunction with the Association's historical insurers, including Allstate, performed a Joint Intrusive Investigation at the Edmonds Greenery Condominium complex. The Association understands from DBC that the investigation revealed extensive hidden damage to sheathing, framing, and weather-resistive barrier throughout the property attributable to long term, incremental and progressive water damage. The Association's further understanding from its experts that the cost to repair these hidden damages exceeds the jurisdictional limit of $75,000.

4.4 <u>Allstate's Denial</u>. Allstate wrongfully denied coverage for the Association's claim on December 9, 2020.

### V. FIRST CLAIM AGAINST THE EDMONDS GREENERY INSURERS FOR A DECLARATORY JUDGMENT THAT THE EDMONDS GREENERY POLICIES PROVIDE COVERAGE

5.1 <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2 <u>Declaratory Relief</u>. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A) That the Edmonds Greenery Policies cover the hidden damage to exterior weather-resistive barrier ("WRB"), sheathing, and framing at the Edmonds Greenery Condominium.

(B)   No exclusions, conditions, or limitations bar coverage under the Edmonds Greenery Policies.

(C)   That the loss or damage to the Edmonds Greenery Condominium was incremental and progressive. New damage commenced during each year of the Edmonds Greenery Policies.

(D)   As a result, the Edmonds Greenery Policies cover the cost of investigating and repairing the exterior WRB, sheathing, and framing at the Edmonds Greenery Condominium.

## VI.   SECOND CLAIM: AGAINST ALLSTATE FOR BREACH OF CONTRACT

6.1   <u>Incorporation.</u>  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2   Allstate has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Edmonds Greenery Condominium complex.

6.3   Allstate breached its contractual duties by wrongfully denying coverage on December 9, 2020, and by failing to pay the cost of repairing the covered damage to the Edmonds Greenery Condominium complex.

6.4   As a direct and proximate result of Allstate's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5   <u>Additional Damages</u>. As a direct and proximate result of Allstate's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.   THIRD CLAIM: AGAINST ALLSTATE FOR INSURANCE BAD FAITH

7.1   <u>Incorporation by Reference.</u> The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF,  
BREACH OF CONTRACT, BAD FAITH,  
CONSUMER PROTECTION ACT VIOLATIONS,  
AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC  
2701 FIRST AVE., SUITE 430  
SEATTLE, WA 98121  
PHONE 206.388.0660 FAX 206.286.2660

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Allstate had a duty to investigate, evaluate, and decide the Association's claim in good faith. Allstate breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Edmonds Greenery Condominium complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when damage results from a concurrent combination of rain and bad construction or wear and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policy(s); and (5) failing to define terms in the Allstate policy pursuant to the plain meaning of the terms.

7.5     In addition, Allstate ignores case law in the Western District of Washington that is directly contrary to the coverage position taken by Allstate by, among other things, refusing to follow the decision in *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. C14-1860 BJR, 2015 U.S. Dist. LEXIS 184729 (W.D. Wash. Dec. 23, 2015), which ruled that the same Allstate Customizer policy forms

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

issued to the Association cover: (1) wind-driven rain; (2) repeated leakage of water; (3) damage to exterior wall sheathing and framing caused by a combination of rain and inadequate construction; and (4) water damage resulting from inadequate construction or maintenance. Allstate's self-serving denial does not comport with Washington law or the plain meaning of its own policy language and put Allstate's financial interest ahead of the Association's to the Association's detriment.

7.6   A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Allstate's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Allstate to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Allstate to adopt and implement reasonable standards for the prompt investigation of claims.

7.7   Allstate's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Allstate's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

### VIII. FOURTH CLAIM: AGAINST ALLSTATE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1   The Association re-alleges and incorporates by reference Paragraphs 1.1 through 7.7, above, as if fully set forth herein.

8.2     Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, the conduct of Allstate was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Allstate's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## IX.     PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1     <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Edmonds Greenery Policies provide coverage as described herein.

9.2     <u>Money Damages</u>. For money damages against the Edmonds Greenery Insurers in an amount to be proven at trial.

9.3     <u>Attorneys' Fees and Costs of Suit</u>. For reasonable attorneys' fees and costs (including expert fees) against Allstate. *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4     <u>CPA Penalties</u>.  For CPA penalties against Allstate of up to $25,000 per violation.

9.5     <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## X.     DEMAND FOR JURY TRIAL

10.1     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 27th day of January, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
Jerry H. Stein, WSBA #27721
/s/ *Justin D. Sudweeks*
Justin D. Sudweeks, WSBA #28755
/s/ *Daniel J. Stein*
Daniel J. Stein, WSBA #48739

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

/s/ *Jessica R. Burns*
Jessica R. Burns, WSBA #49852
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jstein@condodefects.com
justin@condodefects.com
dstein@condodefects.com
jessica@condodefects.com
Telephone: (206) 388-0660
***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660